UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION


FILED
AUG 14 2013
CLERK

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| PLAN PROS, INC. and DESIGN BASICS, LLC, | * * * | CIV 13-4016 |
| Plaintiffs, | * * | |
| vs. | * * * | MEMORANDUM OPINION RE: MOTIONS TO STRIKE |
| JOSHUA, INC.; TIM STENBERG; DAWN STENBERG; and LAMPERT YARDS, INC., Individually and d/b/a SCOTT'S LUMBER & SUPPLY COMPANY, | * * * * * * | |
| Defendants. | * * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiffs, Plan Pros, Inc. and Design Basics, LLC, brought this action for copyright infringement concerning its architectural works and technical drawings which have been registered with the United States Copyright Office. Doc. 1. After Defendants, Joshua, Inc., Tim Stenberg, and Dawn Stenberg filed their Answer (Doc. 8) to the Complaint, Plaintiffs filed a motion to strike certain defenses under Fed. R. Civ. P. 12(f) from this Answer. Doc. 12. After Defendant Lampert Yards, Individually and d/b/a Scott's Lumber & Supply Company, filed its Answer (Doc. 14) to the Complaint, Plaintiff filed another motion to strike certain defenses under Fed. R. Civ. P. 12(f) from this Answer. Doc. 27. For the following reasons, the motions to strike are denied.

## DISCUSSION

In response to Plaintiffs, Plan Pros, Inc. and Design Basics, LLC's complaint alleging that the above-named Defendants were liable to Plaintiffs for copyright infringement, all of the Defendants alleged the defenses of limitations, waiver, estoppel, laches, copyright misuse, fair use

and 17 U.S.C. § 120(a).[1] Defendant Lampert Yards, Inc., asserted the additional defenses of "damages relate to actions by other parties over whom this answering Defendant had no control," and license. Defendants Joshua, Inc., Tim Stenberg, and Dawn Stenberg also assert in their answer that the drawings upon which the complaint is based lack the requisite originality to support the cause of action, that there is insufficient similarity between Plaintiffs' drawings and Defendants' drawings and completed projects, and that Plaintiffs are not the owners of Defendants' drawings or completed projects. Plaintiffs contend in their motions that the defenses of the Defendants, as pled, do not meet the pleading standards set out in Fed. R. Civ. P. 8, or the defenses are insufficient as a matter of law.

*General Principles on Motions to Strike*

Rule 12(f) of the Federal Rules of Civil Procedure provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." A district court enjoys liberal discretion in ruling under Rule 12(f). *Stanbury Law Firm, v. I.R.S.*, 221 F.3d 1059, 1063 (8th Cir. 2000). Despite this liberal discretion, "[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." *Lunsford v. United States*, 570 F.2d 221, 229 (8th Cir. 1977) (citing 5 Wright and Miller, *Federal Practice and Procedure: Civil* § 1380 at 783 (1969)); *Stanbury Law Firm, P.A., v. I.R.S.*, 221 F.3d at 1063. The standard employed by the Eighth Circuit to test the sufficiency of a defense is: "A motion to strike a defense will be denied if the defense is sufficient as a matter of law or if it fairly presents a question of law or fact which the court ought to hear." *Lunsford*, 570 F.2d at 229 (citing 2A Moore's Federal Practice P 12.21 at 2437 (2d ed. 1975)); *see also Waldner v. James*, Civ. 12–4153, 2013 WL 1187952 at *1 (D.S.D. March 21, 2013). Courts should deny motions to strike a defense "'unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some

---

[1] 17 U.S.C. § 120(a) provides:
> The copyright in an architectural work that has been constructed does not include the right to prevent the making, distributing, or public display of pictures, paintings, photographs, or other pictorial representations of the work, if the building in which the work is embodied is located in or ordinarily visible from a public place.

2

form of significant prejudice to one or more of the parties to the action.'" *Poulos v. Summit Hotel Properties, LLC*, CIV 09–4062, 2010 WL 2034634, at *3 (D.S.D. May 21, 2010) (quoting *Atl. Recording Corp. v. Raleigh*, 2009 WL 1543458 (E.D. Mo. June 2, 2009)).

*Pleadings Requirements under Rule 8 and Iqbal/Twombly Standard*

Plaintiffs contend that the heightened "plausibility" standard set forth in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), should apply to affirmative defenses. The *Twombly* and *Iqbal* cases addressed what a plaintiff must plead in order to state a claim under Federal Rule of Civil Procedure 8(a)(2),[2] and concluded that a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and that the factual allegations of a complaint must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true. The Supreme Court did not expressly rule that these standards also apply to issues on which a defendant bears the burden of proof, including affirmative defenses. Although Plaintiff contends that the majority of district courts deciding the issue have applied the *Iqbal/Twombly* pleading standard to the pleading of affirmative defenses, *see Aguilar v. City Lights of China Restaurant, Inc.*, 2011 WL 5118325 at *2 (D. Md., Oct. 24, 2011), the Eighth Circuit Court of Appeals has not yet addressed the issue and the parties have not cited to any other court of appeals that has decided the issue.

Fed. R. Civ. P. 8(c) requires a party to "affirmatively state any avoidance or affirmative defense." Fed. R. Civ. P. 8(d) states: "Each allegation must be simple, concise, and direct. No technical form is required." Fed. R. Civ. P. 8(e) states: "Pleadings must be construed so as to do justice." Unlike Fed. R. Civ. P. 8(a)(2), which requires a "showing that the pleader is entitled to relief," the rules governing affirmative defenses generally do not require a showing of any supporting facts.[3] In addition, the Eighth Circuit, albeit in cases decided before the announcement of the *Iqbal/Twombly* pleading standards for complaints, has applied a minimal pleading standard to

---

[2]Federal Rule of Civil Procedure Rule 8(a)(2) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief."

[3]Fed. R. Civ. P.9(b) is an exception in that it requires a party to state with particularity the circumstances constituting fraud or mistake

3

affirmative defenses.

The Eighth Circuit has stated: "The rules do not require a party to plead every step of legal reasoning that may be raised in support of its affirmative defense; they only require a defendant to state in short and plain terms its defenses to a plaintiff's claims." *Wisland v. Admiral Beverage Corp.* 119 F.3d 733, 737 (8th Cir. 1997) (statute of limitations adequately pled by stating "applicable statute of limitation" and not citing any statute); *see also Zotos v. Lindbergh School Dist.*, 121 F.3d 356, 361 (8th Cir. 1997) ("[W]hile a limitations defense must 'be asserted in a responsive pleading,' it 'need not be articulated with any rigorous degree of specificity,' and is 'sufficiently raised for purposes of Rule 8 by its bare assertion.' ") (internal citations omitted).

In *Barnwell & Hays, Inc. v. Sloan*, 564 F.2d 254 (8th Cir. 1977), the Eighth Circuit held that the failure of a defendant to specifically use the word "waiver" in his defensive pleading did not mean that his pleading was insufficient to raise the affirmative defense of waiver when it was clear the plaintiff was apprised of the defendant's reliance on this affirmative defense. The Eighth Circuit explained: "The Federal Rules were designed to liberalize pleading requirements. ... To hold that defendant's answer was insufficient to inject the issue of waiver into the case would impose a requirement of undue formalism which is inconsistent with that liberal purpose." 564 F.2d at 256 (citations omitted).

There is no authority from either the Supreme Court or the Eighth Circuit Court of Appeals that *Iqbal* and *Twombly* have changed the holdings allowing minimal pleading standards to apply to affirmative defenses, and this Court is declining to impose the *Iqbal/Twombly* pleading standard to affirmative defenses. *See Strauss v. Centennial Precious Metals, Inc*, No. 4:12CV3213, 2013 WL 1737012 (D. Neb. April 23, 2013); *U.S. Bank Nat. Ass'n v. Education Loans Inc.*, No. 11-1445, 2011 WL 5520437 (D. Minn. Nov. 14, 2011).[4]

*Sufficiency of Defendants' Pleadings*

---

[4]This Court rejects Plaintiffs' argument that "[t]o the extent that plaintiffs are held to a heightened pleading standard, defendants should be as well." Doc. 13, p. 4. This Court favors the argument that "because a plaintiff can prepare its complaint over years, limited only by the statute of limitations, whereas defendants have only 21 days to file their answers, a less stringent pleading requirement for affirmative defenses is reasonable." 5 Charles Alan Wright & Arthur Miller, *Federal Practice and Procedure* § 1274 (3d ed. 2013)

This Court must determine if the affirmative defenses pled in this case are sufficient as a matter of law or fairly present a "question of law or fact which the court ought to hear" and have a "possible relation or logical connection to the subject matter of the controversy" set forth in the complaint. The Court concludes that the affirmative defenses[5] asserted by the Defendants present questions of law and fact which this Court should hear, "or at least, ought to reserve for consideration on a more complete record." *See International Motor Contest Ass'n, Inc. v. Staley*, 434 F.Supp.2d 650, 668 (N.D. Iowa 2006). Accordingly,

**IT IS ORDERED** that Plaintiffs' Motions to Strike Certain Affirmative Defenses (Doc.12 and 27) are denied without prejudice to reassert challenges to the sufficiency of the defenses at an appropriate stage of the proceedings.

Dated this 14th day of August, 2013.

BY THE COURT:

Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: Summer Wahy
DEPUTY

---

[5] It is not necessary that the Court now determine whether Defendant Lampert's defense that damages pled by the plaintiff relate to actions by other parties over whom it had no control is an affirmative defense.